UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JEFFREY JOEL JUDY,<br>an individual,<br><br>             Plaintiff,<br>vs.<br><br>SARASOTA DOCTORS<br>HOSPITAL, INC.,<br>a Florida Corporation,<br><br>             Defendant.<br>_____ | )<br>)<br>)    CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, JEFFREY JOEL JUDY (hereinafter "Mr. Judy" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues SARASOTA DOCTORS HOSPITAL, INC., a Florida Corporation, for damages, injunctive relief, attorney's fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and the Rehabilitation Act, 29 U.S.C. §794, et seq and alleges:

## **JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Rehabilitation Act, 29 U.S.C. §794, et seq.   This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff is a resident of the State of Florida in Lee County.

4.     Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down.  Additionally, Plaintiff is a double leg amputee.  Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.     Due to the disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.     Defendant SARASOTA DOCTORS HOSPITAL, INC., a Florida Corporation (hereinafter "Defendant"), is registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: Doctors Hospital, generally located at 5741 Bee Ridge Road, Sarasota, Florida 34233 (referred to herein as the "Property").  Defendant is responsible for complying with the ADA.

7.     All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.     Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9.     The Property, a health care facility, is open to the public and provides goods and services to the public.

10.     Plaintiff has visited the Property several times over the past two years and attempted to utilize the goods and services offered at the Property.  Specifically, Plaintiff's spouse has regular medical visits at the facility and Plaintiff generally drives her there.

11.     While at the Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.     Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein. However, but for the architectural barriers, Plaintiff would visit the Property more often.

13.     Plaintiff plans to and will visit the Property in the near future due to his spouse's continuing medical treatment there.

14.     Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered and which hindered Plaintiff's access to the Property:

   A.     Plaintiff encountered inaccessible parking spaces designated for disabled use at the front entrance of the Property[1] due to built-up curb ramps which improperly protrude into the access aisles of nearly all of the disabled use parking spaces for the building causing slopes well in excess of 1:48.

   B.     Moreover, Plaintiff encountered an inaccessible valet parking service at the Property.  Specifically, the valet parking employees admitted to him that they had not received any instruction regarding how to operate vehicles with hand controls, such as Plaintiff's vehicle.

   C.     Plaintiff encountered inaccessible curb ramps throughout the Property due to disrepair and excessive slopes.

---

[1] This litigation is only intended to cover the building located at 5741 BEE RIDGE RD and its parking lot.

D.   Plaintiff encountered an inaccessible men's restroom on the fifth floor of the building due to the toilet flush handle improperly located on the wall side of the toilet instead of the open side.

E.   Plaintiff encountered an inaccessible men's restroom on the fifth floor of the building due to inadequate knee clearance under the sinks.

15.   To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.   Independent of his intent to return as a patron of the Property due to his spouses continuing medical treatment there, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.   Removal of the barriers to access located at the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## COUNT II - VIOLATION OF THE REHABILITATION ACT

19.   PLAINTIFF adopts and re-alleges the allegations contained in Paragraphs 1-18 as if fully stated herein.

20.   PLAINTIFF brings this claim against the DEFENDANT based upon Section 504 of the Rehabilitation Act, 29 U.S.C. §794, et seq.

21.   The Rehabilitation Act provides that:

No otherwise qualified individual with a disability in the United States ...

4

shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a).

22.     A "Program or activity" is defined under the Rehabilitation Act to include, in part, the operations of a private organization "which is principally engaged in the business of providing … health care ...." 29 U.S.C. § 794(b)(3).

23.     As set forth herein, DEFENDANT has violated the Rehabilitation Act by intentionally excluding the PLAINTIFF, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under, the DEFENDANT's programs and activities.

24.     A non-exclusive list of DEFENDANT's violations of the Rehabilitation Act and discriminatory conduct against the PLAINTIFF are evinced by:

    A.     denying PLAINTIFF access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by DEFENDANT;

    B.     by otherwise limiting PLAINTIFF in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive DEFENDANT's aids, benefits and services;

C.      making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by DEFENDANT;

D.      failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

E.      failing to administer services, programs and activities in the most integrated setting appropriate to the needs of PLAINTIFF;

F.      excluding PLAINTIFF from participation in, and the benefits of, DEFENDANT's services programs and activities as a result of DEFENDANT's facility being inaccessible to or unusable by PLAINTIFF, as stated herein in allegation 14;

G.      failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

H.      failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities;

25.      Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at DEFENDANT's Property which PLAINTIFF is more likely than not going to encounter upon his future visits to the subject premises.  PLAINTIFF brings this action:

A.      to redress injuries suffered as a result of DEFENDANT's discriminatory actions and inactions set forth herein;

B.      to reasonably avoid further and future injury to PLAINTIFF as a result of DEFENDANT's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C.      to ensure DEFENDANT's facility is accessible as required by the relevant applications of the Act.

D.      to be made whole and ensure future compliance;

E.      to reasonably avoid future ADA and Rehabilitation Act litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

26.     Only through a complete inspection of the premises and related facilities, undertaken by PLAINTIFF and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

27.     Upon good faith belief, DEFENDANT is the recipient of federal financial assistance.  As the recipient of federal financial assistance, DEFENDANT is liable for damages and other relief to the PLAINTIFF as a result of DEFENDANT's acts and omissions constituting intentional discrimination.

28.     Moreover, as a sophisticated medical provider and property owner, DEFENDANT knew or should have known that its failure to construct and maintain its facility in an accessible condition would result in harm to disabled visitors.  Consequently, Defendant's failure to remove barriers and/or construct the facility in accordance with Federal law constitutes intentional discrimination.

29.     As set forth above, the PLAINTIFF has been denied access to, and without the relief requested herein will continue to be denied the benefits of the services, programs, facilities, activities and accommodations offered by DEFENDANT solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of DEFENDANT's Rehabilitation Act violations set forth herein.

30.     PLAINTIFF has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay their counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action.  PLAINTIFF is entitled to recover those attorneys' fees, costs and litigation expenses from DEFENDANT pursuant to 29 U.S.C. §794a(b).

31.     Pursuant to 29 U.S.C. §794a(a) this Court is provided authority to grant PLAINTIFF's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the PLAINTIFF compensatory damages for DEFENDANT's discriminatory actions.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following in damages, injunctive and declaratory relief:

A.     That the Court declares that the Property owned and operated by

Defendant is in violation of the ADA and Rehabilitation Acts;

B.      That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA and Rehabilitation Acts;

C.      That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures under the ADA and Rehabilitation Acts;

D.      That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff under the ADA and Rehabilitation Acts;

E.      That the Court awards compensatory damages to the Plaintiff under the Rehabilitation Act; and

F.      That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: January 31, 2020                  Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Boulevard, Ste. 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By___/s/ Louis Mussman_____
Louis I. Mussman

9

(FL Bar #: 597155)
Brian T. Ku
(FL Bar # 610461)
Attorneys for Plaintiff